FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 2 8 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION
-------------------------------------------------------------

This Document Relates to: All Cases

------------------------------------------------------------- x

Case No. 09-160 (ERK)(JO)

(Consolidated with CV 96-4849,
CV 96-5161 and CV 97-461)

**MEMORANDUM & ORDER**

## MEMORANDUM & ORDER ORDERING THE PRODUCTION OF INFORMATION AND DOCUMENTS IN *IN RE ACCOUNTS OF EMMA BUDGE, HEIRS*

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and Distribution of Settlement Proceeds, the claimants, Hans Kahn, Wolf Kahn, Ruth Kahn, and the Estate of Eva Ekvall, represented by Lothar Fremy and Mel Urbach, filed claims to the accounts of the heirs of Emma Budge (the "claimed assets"). As the claimants and their representatives are aware, the Zurich-based Claims Resolution Tribunal ("CRT") serves as the Court's administrative agency for purposes of analysis of claims to Holocaust-era Swiss bank accounts, and operates under the supervision of the Court and its Special Masters.

In support of their claims, on January 17, 2012 Mr. Urbach submitted several hundred pages of documents regarding the estate of Emma Budge, which Mr. Urbach acknowledged had never before been submitted to the CRT for consideration with these claims. The documents were submitted as attachments to a memorandum advocating the payment of the entire amount of assets held in Emma Budge's accounts at the Swiss bank, adjusted to current value. Mr. Urbach stated that the original memorandum was written in German, and that he submitted an English translation. The documents were submitted to support arguments put forth by Mr. Urbach in this memorandum. The

documents were not submitted in chronological order, and there are gaps in the dates of the documents that were submitted. Documents that may provide additional information with regard to the arguments set forth in the memorandum appear not to have been submitted to the CRT.

In the interest of the CRT's efficient completion of its analysis of these claims and to ensure that the CRT has been provided with all relevant information that may be in the claimants' possession concerning their claims to Holocaust-era Swiss bank accounts, it is hereby

ORDERED that on or before March 20, 2012, the claimants and/or their representatives produce the original German version of the memorandum that was submitted to the CRT on January 17, 2012;

ORDERED that on or before March 20, 2012, the claimants and/or their representatives provide full and complete information regarding the re-opening of the Emma Budge estate, including but not limited to official information regarding the naming of the new executor of the estate, an official accounting of all estate assets, any restitution received for estate assets, and any estate assets not yet distributed;

ORDERED that on or before March 20, 2012, the claimants and/or their representatives produce any and all other documents in their possession relating to the claimed assets, including any and all documents showing that any of the heirs of Emma Budge, or their heirs, received all or part of the claimed assets upon the distribution(s) of the estate; and/or any and all documents referring to the distribution(s) of the estate assets, including but not limited to any interim distribution reports, the final report of the estate distribution (*Schluss Abrechnung*) dated July 12, 1956, and any accounting for payment of estate taxes, income taxes and other expenses relating to the settlement of the estate;

ORDERED that on or before March 20, 2012, the claimants and/or their representatives produce all decisions issued by any court or restitution body regarding any or all of the claimed assets, including the claimed assets as a whole or any portion of the claimed assets assigned to the individual heirs of Emma Budge or their heirs. Alternatively, the claimants and/or their

representatives are ORDERED to provide an affirmative representation with regard to each of the heirs, or their heirs, that no restitution was granted for any of the claimed assets;

ORDERED that on or before March 20, 2012, the claimants and/or their representatives produce all decisions issued by any court or restitution body regarding *any* restitution received by the claimants, the individual heirs of Emma Budge, or their heirs.  With regard to restitution for financial assets (*i.e.*, non-real estate and non-art related assets), the claimants and/or their representatives are ORDERED to provide all evidence, both supporting and opposing, regarding any conclusion that the restituted assets did not originate from and/or bore no relationship to the assets distributed from the Emma Budge estate.

Dated:   Brooklyn, New York
         February 28, 2012

SO ORDERED:

s/Edward R. Korman
_____
Edward R. Korman
United States District Judge